UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WEST BEND MUTUAL INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 1:18-cv-00639<br>)<br>) |
| KYLE HUGHES; JENNIFER ROBISON; and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, West Bend Mutual Insurance Company ("West Bend"), by counsel, for its cause of action against the Defendants, alleges and states the following:

## I.   PARTIES AND JURISDICTION

**1.1** Plaintiff, West Bend, is a Wisconsin corporation with principal place of business and nerve center in West Bend, Wisconsin. At all times material hereto, West Bend was duly authorized to transact the business of insurance within the State of Indiana.

**1.2** Defendant, Kyle Hughes ("Hughes"), is a citizen of the State of Indiana who resides in Hendricks County, Indiana.

**1.3** Defendant, Jennifer Robison ("Robison"), is a citizen of the State of Indiana who resides in Hendricks County, Indiana.

**1.4** Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), is an Illinois corporation with principal place of business and nerve center in Bloomington, Illinois. At all times material hereto, State Farm was duly authorized to transact the business of insurance within the State of Indiana.

**1.5** West Bend delivered the insurance policy at issue to its named insured, Rick Royer ("Rick") & Sherry L. Royer ("Sherry"), in Hendricks County, Indiana.

**1.6** The alleged conduct of Hughes took place in Hendricks County, Indiana.

**1.7** The amount in controversy, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00).

**1.8** Subject matter jurisdiction is vested in this Court pursuant to 28 U.S.C. §1332(a).

**1.9** Venue lies in this Court pursuant to 28 U.S.C. §1391(b).

**1.10** This Court has personal jurisdiction over Hughes, Robison and State Farm.

## II.   FACTS

**2.1** West Bend incorporates herein by reference the allegations contained within rhetorical paragraphs 1.1 through 1.10 of this Complaint.

**2.2** On or about July 25, 2009, Hughes' driver's license was suspended, and thereafter remained in a suspended status through and including September 2, 2015.

**2.3** At all times material hereto, Sherry owned a certain 2000 Ford F150 Pickup Truck (the "Truck").

**2.4** On or about March 12, 2015, West Bend issued its Home and Highway Policy No. HHG 6462050-01 to Rick and Sherry (the "Royers") as the named insured, with effective dates of coverage of March 12, 2015, to March 12, 2016 (the "Policy").

**2.5** A true and correct copy of the Policy is attached hereto as Exhibit "1", and is incorporated herein by reference.

**2.6** The Truck was Scheduled Vehicle No. 3 on the Policy.

**2.7** Sherry had loaned the Truck to her daughter, Jessica Miller ("Jessica"). The Royers told both Jessica and Hughes that because Hughes' driver's license was suspended, Hughes was not to drive the Truck.

**2.8** On September 2, 2015, Hughes was driving the Truck when it was involved in a collision with a certain 2006 Mitsubishi Galant being operated by Ginger Rice, and a certain 2001 Dodge Ram Pickup Truck being operated by Michael R. Robison in which Robison was a passenger, which collision occurred on South Dan Jones Road approximately 75 feet south of its intersection with East County 200 South Road in Hendricks County, Indiana (the "Accident").

**2.9** Robison alleges that she sustained certain injuries and damages as a result of the Accident.

**2.10** On or about August 24, 2017, Robison filed her "Complaint for Damages" (the "Complaint") against, inter alia, Hughes and State Farm, in the following legal proceeding: "*Jennifer Robison, Plaintiff, vs. Kyle Hughes and State Farm Mutual Automobile Insurance Company and Sherry Royer, Defendants*", Cause No. 32D04-1708-CT-000112, Hendricks Superior Court No. 4 (the "Lawsuit").

**2.11** A true and correct copy of the Complaint is attached hereto as Exhibit "2", and is incorporated herein by reference.

**2.12** The Lawsuit's Complaint proceeds against Hughes on the following theories of liability:

    **(a)** Negligence, and seeks compensatory damages; and

    (b) Willful and wanton misconduct, and seeks punitive damages.

**2.13** The Lawsuit's Complaint seeks uninsured motorist bodily injury coverage benefits from Robison's automobile insurer, State Farm.

**2.14** Hughes provided West Bend with a copy of the Complaint, and requested that West Bend defend and indemnify him under the Policy against the Lawsuit.

**2.15** West Bend hired GOODIN ABERNATHY, LLP to defend Hughes against the Lawsuit. Said defense is being provided pursuant to a full and complete reservation of rights under the Policy.

**2.16** On or about February 26, 2018, Robison filed her "Amended Complaint for Damages" (the "Amended Complaint") against, inter alia, Hughes and State Farm in the Lawsuit.

**2.17** A true and correct copy of the Lawsuit's Amended Complaint is attached hereto as Exhibit "3", and is incorporated herein by reference.

**2.18** The Lawsuit's Amended Complaint proceeds against Hughes and State Farm on the same legal theories, and seeks the same damages as the Lawsuit's Complaint.

**2.19** West Bend has continued to provide a defense through GOODEN ABERNATHY, LLP to Hughes against the Lawsuit's Amended Complaint pursuant to a full and complete reservation of rights under the Policy.

### III. THE POLICY LANGUAGE AND CONTROVERSY

**3.1** West Bend incorporates herein by reference the allegations contained within rhetorical paragraphs 2.1 through 2.19 of this Complaint.

**3.2** The Policy's Personal Auto Liability ("PAL") Coverage insuring agreement reads as follows:

### *PART A – LIABILITY COVERAGE*

*INSURING AGREEMENT*

*A. We will pay damages for "bodily injury" or "property damage" for which any "insured" becomes legally responsible because of an auto accident. Damages include prejudgment interest awarded against the "insured". We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted by payment of judgments or settlements. We have no duty to defend any suit or settle any claim for "bodily injury" or "property damage" not covered by this coverage form.*

*B. "Insured" as used in this Part mans:*

    *1. You or any "family member for the ownership, maintenance or use of any auto or "trailer".*

    *2. Any person using "your covered auto".*

    *3. For "your covered auto", any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under this Part.*

5

> **4.** For any auto or "trailer", other than "your covered auto", any other person or organization but only with respect to legal responsibility for acts or omissions of you or any "family member" for whom coverage is afforded under this Part. This Provision (**B.4.**) applies only if the personal or organization does not own or hire the auto or "trailer".

3.3   The Policy's PAL coverage contains the following "reasonable belief" exclusion:

> *We do not provide Liability Coverage for any "insured":*
>
> *\* \* \* \* \**
>
> **8.** Using a vehicle without a reasonable belief that that "insured" is entitled to do so. This Exclusion (**A.8.**) does not apply to a "family member" using "your covered auto" which is owned by you.

(the "Exclusion").

3.4   The Policy defines the term "you" as follows:

> *Throughout this coverage form, "you" and "your" refer to:*
>
> **1.**   *The "named insured" shown in the Declarations; and*
>
> **2.**   *The spouse if a resident of the same household.*

3.5   The "named insured" shown in the Policy's Declarations is Rick and Sherry; Hughes was not shown as a "named insured" in the Policy's Declarations.

3.6   At the time of the Accident, Hughes was not the spouse of Sherry or a resident of Sherry's household.

3.7   The Policy defines the term "family member" as follows:

> *"Family member" means a person related to you by blood, marriage or adoption who is a resident of your household. This includes a ward or foster child.*

6

**3.8** At the time of the Accident, Hughes was not related to Rick or Sherry by blood, marriage or adoption, and Hughes was not a resident of Rick's and Sherry's household.

**3.9** At the time of the Accident, Hughes does not qualify as a "family member" for purposes of the Policy's PAL coverage.

**3.10** At the time of the Accident, Hughes did not have express permission from Sherry to use the Truck.

**3.11** At the time of the Accident, Hughes was not legally entitled to drive the Truck under the laws of the State of Indiana – his driver's license was suspended.

**3.12** At the time of the Accident, Hughes did not have an ownership or possessory right to the Truck.

**3.13** At the time of the Accident, there was no legally cognizable relationship between Hughes and Sherry.

**3.14** At the time of the Accident, Hughes was using the Truck without a reasonable belief that he was entitled to do so.

**3.15** The Lawsuit's Complaint and Amended Complaint against Hughes are subject to the Exclusion.

**3.16** An actual controversy exists between the parties hereto concerning whether West Bend has a duty under the Policy to defend Hughes against the Lawsuit:

> **(a)** Hughes contends that West Bend has a duty under the Policy to defend Hughes against the Lawsuit;
>
> **(b)** West Bend contends that it has no duty under the Policy to defend Hughes against the Lawsuit; and
>
> **(c)** Robison and State Farm have been joined in this action by virtue of their interest in the resolution of the duty to defend issue.

**3.17** An actual controversy exists between the parties hereto concerning whether West Bend has a duty under the Policy to indemnify Hughes against the Lawsuit:

    **(a)** Hughes contends that West Bend has a duty under the Policy to indemnify Hughes against the Lawsuit;

    **(b)** West Bend contends that it has no duty under the Policy to indemnify Hughes against the Lawsuit; and

    **(c)** Robison and State Farm have been joined in this action by virtue of their interest in the resolution of the duty to indemnify issue.

**WHEREFORE**, West Bend respectfully requests the following relief:

**A.** That the Court declare that West Bend has no duty under the Policy to defend Hughes against the Lawsuit;

**B.** That the Court declare that West Bend has no duty under the Policy to indemnify Hughes against the Lawsuit;

**C.** Costs; and

**D.** Such further relief as the Court deems just and proper.

Respectfully Submitted,

SMITH FISHER MAAS HOWARD & LLOYD, P.C.

/s/ Mark R. Smith
MARK R. SMITH, 2115-49

SMITH FISHER MAAS HOWARD & LLOYD, P.C.
7209 North Shadeland Avenue
Indianapolis, Indiana 46250
Phone: (317) 578-1900
Facsimile: (317) 578-1330
E-Mail: msmith@smithfisher.com
*Attorneys for Plaintiff, West Bend Mutual Insurance Company*